**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-CR-20505-GAYLES/TORRES

UNITED STATES OF AMERICA

    Plaintiff,

v.

KEVIN ABARCA, and
JORGE PEREZ-DECESPEDES,

    Defendants.

_____/

## ORDER ON THE GOVERNMENT'S MOTION *IN LIMINE*

This matter is before the Court on the Government's motion *in limine* regarding the prosecution witnesses' pending criminal charges. [D.E. 187]. The motion is fully briefed, and it has been referred to the undersigned for disposition. [D.E. 205, 209, 220]. Defendant Kevin Abarca characterizes the Government's motion in the following way.

> The Government seeks an order to preclude the Defendant from cross examining its witnesses regarding their pending criminal cases which it claims are "irrelevant, inadmissible and unfairly prejudicial." Nowhere in the motion does the Government give any specifics of these pending criminal cases nor does it offer any facts surrounding these charges. The Government does not proffer any information about what these witnesses will testify regarding the alleged charges. Without providing any details of the pending criminal cases and without knowing what these witnesses will say, the Government tries to argue that their pending criminal charges are irrelevant and inadmissible. The argument is wholly insufficient.

[D.E. 205 at 1]. The Court completely agrees with this characterization. Therefore, the motion *in limine* is **DENIED** without prejudice.

The Court has already determined that the Government is obligated to provide Defendants with a witness list no later than seven days before trial, which is currently scheduled to commence on April 22, 2024. Without identifying these witnesses, some of whom the Government describes as "dope boys" and "fraudsters," the Government seeks an order precluding Defendants from cross-examining these witnesses about any pending criminal charges that its witnesses may be facing at the time of cross-examination. In essence, the Government wants a blanket order that precludes Defendants from asking Government witnesses any questions that might result in the witnesses invoking their Fifth Amendment right against self-incrimination.

In support of their motion, the Government cites only three cases: *United States v. Chappell*, 307 F. App'x 275, 280-81 (11th Cir. 2009); *United States v. Allen*, 353 F. App'x 352, 355-56 (11th 2009); *Francis v. Dugger*, 908 F.2d 699, 702 (11th Cir. 1990). In each of these cases, the Eleventh Circuit found that it was not reversible error to preclude a criminal defendant from cross-examining a prosecution witness about the witness' pending criminal charges.

In doing so, however, the Eleventh Circuit was cognizant of the *specific factual circumstances* surrounding both the charged conduct and the relationship between that charged conduct and the circumstances of the defendant's criminal trial. *Chappell*, 307 F. App'x at 281 ("Here, there was no showing that Gresham's pending state drug charges were relevant to the facts of Chappell's bank robbery case or that Gresham made a deal with the government with regard to his pending state

charges."); *Allen*, 353 F. App'x at 356 ("Because this line of questioning had minimal relevance to this case while having a very high potential for undue prejudice, the district court did not abuse its considerable discretion by limiting Smith's cross-examination of that witness."); *Francis*, 908 F.2d at 702 ("Francis's proposed line of inquiry into Wesley's 'bias or motive' was, given the factual context of the pending charge, marginally relevant and, therefore, inadmissible.").

Here, the Government proffers no context whatsoever to justify an order excluding Defendants' inquiry into the prosecution witnesses' pending criminal charges. This lack of context is problematic because of Defendants' constitutional right to cross-examine the prosecution's witnesses and thereby probe into the witnesses' potential biases and character for untruthfulness. *See, e.g., Davis v. Alaska*, 415 U.S. 308, 316-17 (1974) ("We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."); FED. R. EVID. 608(b)(1).

In its reply to such criticism, the Government asks the Court to hold a hearing during the week preceding Defendants' trial so that the Court can assess the merit of the Government's motion *in limine* with the benefit of the factual context that the Government declines to reveal at this juncture. In our view, no such hearing is necessary because our denial of the motion is without prejudice and therefore the Government is free to contemporaneously object to Defendants' cross-examination during trial if it ventures into an area that the Government deems inadmissible in light of the context surrounding the testimony sought by Defendants.

For the foregoing reasons, the Government's motion in limine is **DENIED** without prejudice.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 22nd day of February 2024.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge
